UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DONALD LEE MCELRATH,

           Plaintiff,

      v.                                                                                                  Case No. 24-cv-0043-bhl

WISCONSIN FORENSIC UNIT,
DEBORAH L. COLLINS,
AMELIA FYSTROM,
MEGAN KALDUNSKI,
ERIN M. KARSHEN, and
JUDGE JEAN MARIE KIES,

           Defendants.

---

## SCREENING ORDER

---

Plaintiff Donald Lee McElrath, who is currently incarcerated at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on McElrath's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

McElrath has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), McElrath has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $8.07. McElrath's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

2

Case 2:24-cv-00043-BHL   Filed 02/27/24   Page 2 of 5   Document 10

## ALLEGATIONS OF THE COMPLAINT

McElrath alleges that Defendants improperly used the name *Donnie* McElrath rather than *Donald* McElrath in Milwaukee County Circuit Court Case No. 22-CF-3028 and/or in a report summarizing the results of his competency examination. Dkt. No. 1-2. Although it is not clear, McElrath apparently believes Defendants violated his civil rights because they failed to comply with Wisconsin statutes regarding name changes. He wants to bring criminal charges against Defendants, and he seeks $300,000,000 in damages.[1]

## THE COURT'S ANALYSIS

"A claim is *legally* frivolous if it is 'based on an indisputably meritless legal theory.'" *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (explaining that courts may dismiss "claims of infringement of a legal interest which clearly does not exist"). McElrath does not dispute that he is the subject of the complaint and/or competency examination; he takes issue only with the fact that the documents refer to him as "Donnie" rather than "Donald." McElrath overlooks that the documents include "Donald" in parenthesis following "Donnie." *See* Dkt. No. 1-2 (referring to McElrath as "Donnie (Donald) L McElrath"). McElrath's claims against the Defendants will be dismissed because they are legally frivolous. Defendants did not change McElrath's name when they used a common nickname for Donald. McElrath may ask the Defendants to update their records if he so desires, but relief through a federal civil rights case is not available. Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where the amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*,

---

[1] McElrath asserts similar allegations in *McElrath v. Kincaid*, Case No. 23-cv-1677-bhl (E.D. Wis.).

786 F.3d 510, 520 (7th Cir. 2015). No set of facts would make the harm McElrath complains of actionable.

**IT IS THEREFORE ORDERED** that McElrath's motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) as frivolous.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of McElrath shall collect from his institution trust account the $341.93 balance of the filing fee by collecting monthly payments from McElrath's prison trust account in an amount equal to 20% of the preceding month's income credited to McElrath's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If McElrath is transferred to another institution, the transferring institution shall forward a copy of this Order along with McElrath's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the Office of the Sheriff, Fiscal Operations Rm 224, 821 W State Street, Milwaukee, WI 53233 and emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Milwaukee, Wisconsin on February 27, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.